David A. Gebben, Attorney At Law
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Ph. (206) 357-8456
Fax (206) 357-8401

THE HONORABLE CHRISTOPHER M. ALSTON
Chapter 7
Hearing Location: Telephonic Hearing
700 Stewart Street, Room 7206, Seattle, WA 98101
HEARING DATE/TIME: MAY 22, 2020, 9:30 A.M.
Response Date: May 15, 2020

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

JAMES TRENTON EYRING and SUZANNE MICHELE EYRING,

Debtors.

NO. 19-13579-CMA

TRUSTEE'S MOTION FOR APPROVAL OF HIS COMPROMISE WITH THE DEBTORS, AND FOR APPROVAL OF HIS PROPOSAL TO ABANDON A POTENTIAL CLAIM

EDMUND J. WOOD, TRUSTEE, the Chapter 7 trustee herein ("trustee"), by and through his legal counsel, David A. Gebben, Attorney At Law, hereby moves this Court, pursuant to 11 U.S.C. §§ 522(b), 541(a) and 554(a), and pursuant to Bankruptcy Rule(s) 2002, 6007, 9013 and 9019, for an order in the form of the *Proposed Order* which is attached hereto, and in support thereof states as follows:

BACKGROUND: On or about 6-13-16, which was more than three years prior to the date of the debtors' bankruptcy filing, Suzanne Eyring, a debtor in this case, was involved in an automobile accident. The debtor(s) later hired Reuben J. Ortega and Ortega Law PLLC to pursue claim(s) on their behalf related to that accident, and those claim(s) were then settled for a total of $40,000 on or about 9-27-19, which was prior to the date of the debtors' bankruptcy filing. At that time, 50% of the settlement was paid to Reuben J. Ortega and Ortega Law PLLC as compensation for the law firm's fees and costs. The remaining $20,000 is currently on deposit in the attorney trust account at Ortega Law PLLC.

TRUSTEE'S MOTION FOR APPROVAL OF HIS
COMPROMISE WITH THE DEBTORS, ETC.         -1-

DAVID A. GEBBEN,
ATTORNEY AT LAW
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 19-13579-CMA    Doc 52    Filed 04/17/20    Ent. 04/17/20 10:08:34    Pg. 1 of 4

On their amended bankruptcy schedules (Docket No. 41), the debtors claimed an exemption in the amount of $20,000, under RCW §6.15.010(1)(d)(vi), for their interest in the remaining settlement funds. The trustee filed a timely objection (Docket No. 42) to the debtors' exemption claim on the basis that any compensation for pain and suffering or for pecuniary losses would not be covered by the statute. The trustee later received, and reviewed, some data and information on the debtors' exemption claim. He also entered into compromise discussions with the debtors on those exemption issues, and he has now entered into a compromise agreement with the debtors on those issues, as discussed below.

The debtors also listed a potential legal malpractice claim against their personal injury attorney and his firm on their amended schedules (Docket No. 41) related to a possible statute of limitations deadline that may have been missed by the attorney or his firm. The debtors assigned a value of "Unknown" to that potential claim and they did not claim any exemption(s) for that potential claim. The trustee later collected, and reviewed, some data on the potential claim, and the trustee has now decided that the potential legal malpractice claim is burdensome to the bankruptcy estate and of inconsequential value to the bankruptcy estate.

The trustee recently listed the debtors' residence, i.e. the real property at: 24957 SE 279th Street, Maple Valley, WA 98038, for sale, and the bankruptcy estate's interest in that property is not affected by the trustee's compromise agreement with the debtors.

MOTION FOR APPROVAL OF TRUSTEE'S STIPULATION WITH THE DEBTORS: In the interest of resolving any and all pending exemption dispute(s) by and between the trustee and the debtors, and the status of the potential legal malpractice claim which was listed as an asset on the debtors' amended schedules, the trustee has now entered into a *Stipulation Between The Debtors And Trustee* dated 4-13-20, which is on file with the Court. In general, the *Stipulation* provides for the debtors to receive an allowed exemption in the amount of $15,000, under RCW §6.15.010(1)(d)(vi), with respect to the remaining settlement funds in the amount of $20,000 that are currently being held in the attorney trust account at Ortega Law PLLC, and the agreement states that the allowed exemption should be disbursed to

TRUSTEE'S MOTION FOR APPROVAL OF HIS
COMPROMISE WITH THE DEBTORS, ETC.     -2-

DAVID A. GEBBEN,
ATTORNEY AT LAW
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 19-13579-CMA    Doc 52    Filed 04/17/20    Ent. 04/17/20 10:08:34    Pg. 2 of 4

Suzanne Eyring, and the agreement states that the remaining balance of the settlement funds in the amount of $5,000 should be disbursed to the trustee.

The trustee submits that this compromise agreement with the debtors is reasonable under the settlement criteria which are set forth in *In re A&C Properties*, 784 F.2d 1377 (9thCir. 1986), where the Ninth Circuit identified the following four factors for the Bankruptcy Court to consider in evaluating a proposed settlement: (a) the probability of success, (b) the difficulty, if any, for collection, (c) the complexity of the claims involved and the expense necessary to pursue them, and (d) the best interests of creditors.

In this case, there are some difficult factual issues involved with respect to the debtors' exemption claim under RCW §6.15.010(1)(d)(vi), including issues related to the pain and suffering portion of the settlement and issues related to the pecuniary loss portion of the settlement, if any, and it is unclear at this point whether, and to what extent, the trustee would prevail on those disputes. On the other hand, the collection of the estate's share of the settlement, once proven, would not be difficult because the settlement funds are currently being held in a trust account. However, the trustee also has reason to believe that it would be very time consuming, and expensive, for the estate to resolve the pending dispute(s) related to the settlement funds through litigation, due to the factual nature of those disputes. In short, the trustee believes that a quick settlement on those dispute(s) on the terms set forth in the agreement – which will allow the estate to receive a reasonable portion of the settlement funds – is in the best interests of creditors. Thus, the trustee submits that his proposed compromise agreement with the debtors is reasonable should be approved by the Bankruptcy Court, pursuant to Bankruptcy Rule 9019.

MOTION TO ABANDON A POTENTIAL LEGAL MALPRACTICE CLAIM: Under 11 U.S.C. §554(a), the trustee may abandon any assets of the estate which are burdensome to the estate or of inconsequential value to the estate. See, e.g., *In re Johnston*, 49 F.3d 538 (9thCir.1995). In this case, the trustee has determined that it would be counter-productive to the best interests of the estate for him to take any further action with respect to the potential legal malpractice claim against the debtors' former

TRUSTEE'S MOTION FOR APPROVAL OF HIS
COMPROMISE WITH THE DEBTORS, ETC.  -3-

**DAVID A. GEBBEN,**
**ATTORNEY AT LAW**
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 19-13579-CMA    Doc 52    Filed 04/17/20    Ent. 04/17/20 10:08:34    Pg. 3 of 4

personal injury attorney, which was listed as an asset on the debtors' amended schedules and was assigned a value of "Unknown" on the amended schedules.

As explained in the *Declaration of Edmund J. Wood, Trustee* dated 4-15-20, which is being submitted herewith, the debtors indicated on their amended schedules that they had reason to believe that their personal injury attorney may have missed a three year statute of limitations deadline for Ms. Eyring's personal injury claim. However, the trustee's attorney reviewed the pleadings that were filed with the state court with respect to that matter, and he also contacted the debtors' personal injury attorney with respect to that matter, and the personal injury attorney stated that he made arrangements for the summons and complaint in that matter to be served on the opposing parties before the complaint was filed with the state court and prior to the expiration of the three year statute of limitations time period. The personal injury attorney also provided trustee's legal counsel with a copy of an affidavit of service and a copy of a messenger slip to support his explanation on that issue. Consequently, the trustee has reason to believe that the debtors' personal injury attorney has a defense to the potential legal malpractice claim that was listed on the amended schedules, and the trustee also has reason to reason that it would not be cost effective for the bankruptcy estate for the trustee to spend any more time on that potential claim. Thus, the trustee has concluded that the potential legal malpractice claim is burdensome to the bankruptcy estate and is of inconsequential value to the bankruptcy estate, and trustee recommends that such claim should be abandoned by the trustee at this time.

WHEREFORE, the trustee hereby prays for an order of this Court in the form of the *Proposed Order* which is attached hereto.

Dated this ____*17th*____ day of April, 2020.

David A. Gebben, Attorney At Law

____*/S/ David A. Gebben*_____
By: David A. Gebben, WSBA #16290
Attorney for trustee

TRUSTEE'S MOTION FOR APPROVAL OF HIS
COMPROMISE WITH THE DEBTORS, ETC.                -4-

**DAVID A. GEBBEN,**
**ATTORNEY AT LAW**
1700 SEVENTH AVENUE, SUITE 2100
SEATTLE, WA 98101
TELEPHONE: (206) 357-8456
FACSIMILE: (206) 357-8401

Case 19-13579-CMA    Doc 52    Filed 04/17/20    Ent. 04/17/20 10:08:34    Pg. 4 of 4